*Turner,* for appellant.

---

L. H. MARTIN *v.* TRUSTEES OF KY. BAPTIST EDUCATION SOCIETY.

Appeal and Error—Variance Between Prayer and Verdict Not a Substantial Error.

An apparent variance between the prayer of the petition and the verdict of the jury is a mere error or defect in the proceedings which does not effect the substantial rights of the defendant.

Evidence—Action, Notice of—Corporation.

A stipulation in relation to the certificate of the chairman of an executive committee of the trustees, held as relating to the requisite evidence to authorize a recovery, and not as a means of giving notice to the obligor therein, preliminary to a right of action.

APPEAL FROM WOODFORD CIRCUIT COURT.

June 21, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

It is argued for the appellant on several grounds that the judgment is erroneous and should be reversed; but neither ground is

deemed available.

1. It is contended that the verdict of the jury is not sustained by the evidence. Whether the witnesses as to handwriting disclosed such knowledge on that subject as to entitle their testimony to consideration, or not, we think the facts proved by Bohannon were evidence from which the jury might have found the note to be the act and deed of the defendant.

2. As to the stipulation in relation to the certificate of the chairman of the executive committee of the trustees as evidence, we construe it as relating to the rquisite evidence to authorize a recovery, and not as a means of giving notice to the obligor, preliminary to a right of action.

3. Though there is an apparent variance between the prayer of the petition and the verdict of the jury, as the contract set out in the petition shows in connection with the other facts alleged and proved, that the plaintiff was entitled to the interest on the several installments of the debt which the jury found and the court adjudged in the aggregate, we regard the irregularity as a mere error or defect in the proceedings which did not affect the substantial rights of the defendant, and did not constitute a ground for setting aside the judgment. (Civil Code of Practice, section 161.)

Wherefore, the judgment is affirmed.

*Wallace, for appellant.*
*Marshall & McLeod, for appellee.*